UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CEDRIC LEE

VERSUS

UNITED RENTALS, INC, ET AL.

CIVIL ACTION

NO. 18-977-JWD-EWD

## NOTICE AND ORDER REGARDING MOTION FOR LEAVE TO FILE COMPLAINT OF INTERVENTION

Before the court is a Motion for Leave to File Complaint of Intervention (the "Motion for Leave"),[1] filed by Turner Industries Group, LLC ("Turner") and Ace American Insurance Company ("Ace") (collectively, "Proposed Intervenors").

Plaintiff, Cedric Lee ("Plaintiff"), seeks damages for injuries allegedly sustained in a September 20, 2017 accident. Per his First Amended and Supplemental Complaint ("the "Complaint"), Plaintiff alleges he was driving a boom lift and when crossing a speed bump, "the lift, suddenly and without warning, jolted forward with a burst of speed causing the boom supporting the man basket to violently bounce and thereby launching Lee into the air."[2] Plaintiff alleges that the accident occurred while he was employed with Turner. Per his Complaint, Plaintiff names United Rentals (North America), Inc.; United Rentals, Inc.; and JLG Industries, Inc., as defendants, and asserts that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[3]

---

[1] R. Doc. 20.

[2] R. Doc. 19, ¶ 6.

[3] Per the Complaint, Plaintiff alleges that he is domiciled in Louisiana. R. Doc. 19, ¶ 2. Plaintiff alleges that both United Rentals (North America), Inc. and United Rentals, Inc. are Connecticut corporations with their principal places of business in Delaware and that JLG Industries, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania. R. Doc. 19, ¶ 1.

1

On February 19, 2019, Turner and Ace moved to intervene in these proceedings.[4] Proposed Intervenors aver that their counsel "has advised counsel for all parties that he intends to intervene in the instant matter and that no party has objected to the filing and granting of the Motion for Leave to File Complaint of Intervention."[5] Per their proposed Complaint of Intervention, Proposed Intervenors allege that Plaintiff was in the course and scope of his employment with Turner at the time of the accident, and that as of January 2019, Proposed Intervenors "have paid to, or on behalf of, Cedric Lee, the approximate sum of $71,450.01 in indemnity and medical expenses under the Louisiana Worker's Compensation Act."[6] Proposed Intervenors therefore assert that they are entitled to reimbursement of amounts paid or amounts that will be paid on Plaintiff's behalf.[7]

There is no information in the Motion for Leave or in the Proposed Pleading regarding the citizenship of either Turner or Ace. Because subject matter jurisdiction is premised on 28 U.S.C. § 1332, the undersigned must consider whether allowing the Proposed Intervenors to intervene "would be inconsistent with the jurisdictional requirements of section 1332."[8] In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."[9] Here, assuming Ace is a corporation, Proposed Intervenors must allege Ace's principal place of business and state of incorporation. The citizenship of a limited liability company or other unincorporated association is determined by considering the citizenship of all its members.[10] Thus, to properly allege the citizenship of a

---

[4] R. Doc. 20.

[5] R. Doc. 20-2.

[6] R. Doc. 20-3, ¶¶ 3 & 5.

[7] R. Doc. 20-3, ¶ 6.

[8] 28 U.S.C. § 1367(b).

[9] *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[10] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a

limited liability company (such as Turner), a party must identify each of the members and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of an unincorporated association which is also an unincorporated association.[11]

**IT IS HEREBY ORDERED** that Turner Industries Group, LLC ("Turner") and Ace American Insurance Company ("Ace") shall file a Motion to Substitute the proposed Complaint of Intervention (R. Doc. 20-3) with a proposed pleading that adequately sets forth the citizenship particulars for Turner and Ace. Turner and Ace shall have seven (7) days from the date of this Notice and Order to file the Motion to Substitute. No leave of court is necessary to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on February 21, 2019.

                                  **ERIN WILDER-DOOMES**
                                  **UNITED STATES MAGISTRATE JUDGE**

---

religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

[11] *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).